IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TREZEL C. BROWN, | }<br>}<br>} |
| Plaintiff, | }<br>} |
| V. | } Civil Action No. 4:10-cv-2035 (RWS)<br>} |
| PINNACLE ENTERTAINMENT, INC.<br>D/B/A FOUR SEASONS HOTEL ST. LOUIS,<br>PNK (STLH), LLC, & AMY BARNES, | }<br>} JURY TRIAL DEMANDED<br>}<br>} |
| Defendants. | } |

## AMENDED COMPLAINT

COMES NOW Trezel C. Brown, by and through counsel, Rufus J. Tate, Jr., pursuant to Rule 15(a)(1), and for her Amended Complaint states the following:

*Parties*

1) Plaintiff, Trezel C. Brown, at all pertinent times herein was an African-American female employee of one or both defendant companies more fully described below;

2) Defendant, Pinnacle Entertainment, Inc. d/b/a Four Seasons Hotel St. Louis (Four Seasons), at all pertinent times herein was a Nevada corporation duly registered with the Missouri Secretary of State (F00577181);

3) Defendant, PNK (STLH), LLC (PNK), at all pertinent times herein was a Delaware corporation duly registered with the Missouri Secretary of State (FL0682133) and whose registered agent is located at 120 S. Central Avenue, St. Louis, Missouri;

4) Defendant, Amy Barnes (Barnes), at all pertinent times herein was a Caucasian female who, upon information and belief, resided in Missouri;

1

*Subject-Matter Jurisdiction*

5) The Twenty-Second Judicial Circuit has subject-matter jurisdiction over the claims herein pursuant to MO Const. art. V and § 213.010 RSMo, *et seq*;

6) Although the amount in controversy exceeds $75,000, (i) no federal question is raised pursuant to 28 U.S.C. §§ 1331 or 1343 and (ii) the parties are not diverse for purposes of 28 U.S.C. §§ 1441 or 1446;

*Venue*

7) Venue is appropriate in the Twenty-Second Judicial Circuit court in accordance with § 213.111.1 RSMo because all acts or omissions alleged herein occurred within the City of St. Louis, Missouri;

Count I
Violation of Human Rights Act:  Retaliation

8) At all pertinent times herein, defendants Pinnacle and/or PNK "employed" Barnes as "Director of Sales."  In that capacity, Barnes served as the group manager over plaintiff;

9) In November, 2008, Barnes transmitted over corporate e-mail system a series of racially divisive e-mails relating to both United States Senator Barack H. Obama, then candidate for President of the United States of America, and his wife, Michelle.  Those e-mails portrayed Senator Obama as nothing more than the real life incarnation of "Fred G. Sanford," an old, impoverished, junk man and television character on Sanford & Son.  Barnes' e-mail also portrayed Mrs. Obama as nothing more than Senator Obama's loud-mouthed, combative and singularly unattractive sister-in-law and television character on Sanford and Son.  In context, neither of Barnes' portrayal of the Senator and Mrs. Obama could have been considered complimentary or humorous;

10) Plaintiff promptly complained about what she perceived as a racially-charged workplace to the "Assistant Director of Human Resources," Adrienne Latham (Latham) (African-American female);

11) Latham advised plaintiff that she also believed that Barnes' e-mails were inappropriate and violated the corporate e-mail policy regarding "offensive materials," "race," and/or "politics."  However, Latham made no attempt to take any direct corrective action. Instead, Latham suggested that plaintiff speak to "Director of Marketing," Melissa Lorenz (Lorenz) (Caucasian female);

12) Latham's response described in paragraph 11, above, reflected an unwritten Four Seasons and/or PNK rule restricting Latham's ability to correct actions relating to high-ranking Caucasian employees;

13) Following Latham's advice, plaintiff did speak with Lorenz about Barnes' racially-tinged corporate e-mails.  Lorenz also indicated that she was "surprised" and "shocked" at Barnes' e-mails.  She advised plaintiff that she would address Barnes;

14) Lorenz advised Barnes of plaintiff's concerns;

15) However, less than one week after her talks with Lorenz, Barnes sent another racially-divisive Obama corporate e-mail advising his "supporters to vote on November 5th," i.e., day after Election Day.  Barnes' e-mail reiterated her ongoing theme that any vote for Senator Obama constituted nothing more than a squandered opportunity or a junk vote;

16) Again, Barnes' e-mail was emblazoned with her corporate rank expressly reflected in the signature line;

3

17) Barnes' conduct reflected that whatever advice Lorenz may have given to Barnes did not meaningfully or adequately address plaintiff's concerns that one or more high-ranking Caucasian members of management created a racially-charged workplace;

18) Moreover, less than one month following the last Obama e-mail, Barnes sent a corporate e-mail encouraging members of her team to "delegate" work to plaintiff to keep her busy;

19) Barnes also made up rules applicable only to plaintiff, e.g., plaintiff could not eat at her desk;

20) Barnes also caused other Caucasian female managers to begin to write-up plaintiff; and to belittle plaintiff publicly.  The aforementioned management actions had little to no relationship to plaintiff's duty assignment;

21) At no time had Four Seasons or PNK hired or promoted an African-American manager prior to Barnes' misconduct;

22) Based on Barnes' continuing and unabated misconduct, plaintiff took leave of absence pursuant to the Family Medical Leave Act (FMLA);

23) Within weeks of plaintiff's return to work, Barnes renewed her pattern of bullying and harassment by mocking plaintiff's illness;

24) Barnes even suggested publicly that plaintiff was trying to game the system by finding additional ways to take more medical leave.  More specifically, placed her mockery on the corporate voice mail system;

25) Only at that point did Four Seasons and/or PNK terminate Barnes;

26) Although plaintiff consistently reported Barnes' pattern of harassment and bullying throughout, defendants Four Seasons and/or PNK failed to correct Barnes or her cohorts;

and permitted them to retaliate against plaintiff for more than one year before addressing the matter;

27) As a proximate consequence of defendants failure to address the racially-charged workplace and/or Barnes' retaliation, plaintiff suffered injury including, but not limited to, stress, hair loss, extreme weight fluctuation, anxiety, sleeplessness, loss of appetite, and lost wages;

28) Defendant's failure to empower Latham to take corrective action or to otherwise remedy plaintiff's complaint reflected a callous disregard for plaintiff's rights under the Missouri Human Rights Act as well as conscious disregard of the state anti-discrimination laws;

29) Plaintiff has incurred reasonable attorney's fees and costs to prosecute this action;

30) The Missouri Human Rights Commission issued to plaintiff its Notice of Right to Sue on June 16, 2010;

31) In accordance with *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485 (June 7, 2010), PNK timely received notice of the civil action against Barnes' "employer."

WHEREFORE, for all of the foregoing reasons, plaintiff respectfully prays for judgment in her favor and against defendant as follows:

a) A declaration that defendant failed to take adequate, corrective action toward Amy Barnes in a timely fashion;

b) An order permanently enjoining the defendant's practice of limiting the ability of the human resources department to take corrective action against high-ranking Caucasian employees who engage in unlawful discrimination and/or retaliation;

c) An award of compensatory damages as determined by a jury;

d) An award of exemplary damages in the amount of $100,000 as determined by a jury;

5

e) An award of reasonable attorney's fees and costs; and

f) Any other relief this honorable Court deems necessary and appropriate.

Respectfully submitted,


THE TATE LAW FIRM, LLC

/s/ Rufus J. Tate, Jr.
Rufus J. Tate, Jr. 46993
7751 Carondelet, Suite 803
Clayton, MO 63105-3369
314.726.6495 Office
314.726.0424 Fax
tatelawfirm@gmail.com

Certificate of Service

I hereby certify that on October 31, 2010, I delivered an exact duplicate of the foregoing

Amended Complaint to:

| | |
|---|---|
| William M. Lawson, Esq. | Paul E. Wagner, Esq. |
| 222 South Central Avenue, Suite 901 | 1405 Hanshaw Road |
| St. Louis, MO 63105 | Ithaca, New York 14850 |
| (314) 863-0092 (Main) | (607) 257-5165 (Main) |
| (314) 746-4848 (Facsimile) | (607) 257-6293 (Facsimile) |
| wlawson@lowenbaumlaw.com | pwagner@stokesroberts.com |

*Attorneys for the Defendant Pinnacle Entertainment, Inc.*