UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TREZEL C. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10-CV 2035 RWS |
| | ) |
| PINNACLE ENTERTAINMENT, INC., | ) |
| D/B/A/ FOUR SEASON HOTEL | ) |
| ST. LOUIS, PNK (STLK), LLC, & AMY | ) |
| BARNES, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER OF REMAND**

Plaintiff Trezel Brown brought this lawsuit in Missouri state court for retaliation alleging violations of the Missouri Human Rights Act against Defendant Pinnacle Entertainment, Inc. After Defendant Pinnacle removed this lawsuit to the United States District Court for the Eastern District of Missouri, Brown amended her complaint and added as defendants Amy Barnes and PNK, LLC. Brown added Barnes as a defendant because she was Brown's manager and engaged in the alleged retaliatory conduct. Brown alleges PNK was an employer of Barnes and herself. Pinnacle, in its response to Brown's Motion to Remand, argues that Barnes was fraudulently joined to defeat diversity jurisdiction. Because I find that Brown could state a cause of action against Barnes, her joinder is not fraudulent. As a result, I lack subject-matter jurisdiction over this action and the motion to remand will be granted for the reasons that follow.

*Background*

On September 14, 2010, Plaintiff Trezel Brown sued Defendant Pinnacle Entertainment, Inc. ("Pinnacle") for retaliation in violation of the Missouri Human Rights Act ("MHRA"), Mo.Rev.Stat. § 213.010, *et seq*. On September 27, 2010 Pinnacle was served with a copy of Brown's Summons

and Complaint. On October 26, 2010 Pinnacle removed this lawsuit from state court to the United States District Court for the Eastern District of Missouri claiming this Court has original jurisdiction under 28 U.S.C. § 1332 and that removal was appropriate under 28 U.S.C. §§ 1441(a) and (b) and § 1446(b) because there was complete diversity of citizenship between Brown and Pinnacle and the amount in controversy exceeds Seventy-Five Thousand Dollars. On October 31, 2010, after Pinnacle removed this case, Brown filed an amended complaint [#6], joining as defendants Amy Barnes and PNK, LLC. ("PNK"). On October 31, 2010 Brown also filed a motion to remand this case to state court [#7] on the basis that there was not complete diversity of citizenship between the parties. Pinnacle opposes the motion to remand on the basis that Brown fraudulently joined Barnes by arguing that Brown's amended complaint is merely an effort to destroy diversity and Brown has not properly stated a cause of action against Barnes.[1]

Brown's complaint alleges that she is an Africa-American female that was employed by Pinnacle and PNK. Brown alleges Barnes, a Caucasian female, was her manager. Brown alleges that Barnes circulated a series of "degrading emails relating to then [United States Senator] Barack H. Obama, candidate for President of the United States of America, and his wife, Michelle" using her corporate email account. Brown alleges she complained about the "racially-charged workplace" to the Assistant Director of Human Resources, an African-American female, and was referred to the Director of Marketing, a Caucasian female. Brown alleges this referral reflects the "unwritten rule restricting [the] ability to correct actions of high-ranking Caucasian employees."

Brown alleges that after the Director of Marketing spoke to Barnes about Brown's concerns regarding the "degrading emails," Barnes circulated another "racially-divisive Obama [] email" on

---

[1] Pinnacle also argues that the addition of PNK does not destroy diversity of citizenship. Plaintiff's Second Amended Complaint makes this clear as Pinnacle is the sole member of PNK and Pinnacle's diversity is not challenged.

her corporate email account. After Brown's complaint, Barnes also circulated an email to the members of her team encouraging them to "delegate" work to Brown to "keep her busy," created rules that only applied to Brown, and caused other Caucasian female managers to write-up and publically "belittle" Brown.

Brown alleges she took a leave of absence under the Family Medical Leave Act as a result of Barnes' conduct. Upon her return, Brown alleges that Barnes mocked Brown's "illness." Brown further alleges Pinnacle failed to correct Barnes or her "cohorts" and allowed them to retaliate against plaintiff for more than a year before addressing the issue. The Missouri Human Rights Commission issued Brown a Notice of Right to sue on June 16, 2010.

Brown's First Amended Complaint added Amy Barnes and PNK, LLC as defendants. Brown added Barnes as a defendant because she was Brown's manager and engaged in the alleged retaliatory conduct. Brown alleges PNK was an employer of Barnes and herself. I granted Brown leave to file a second amended complaint to properly plead the citizenship of PNK and Barnes.

Brown is a citizen of Missouri. Pinnacle is a corporation registered under the laws of Nevada. PNK is a limited liability corporation whose sole member is Pinnacle, therefore PNK is a citizen of Nevada. Barnes is a citizen of Missouri. Complete diversity is lacking on the face of the amended complaint because both Brown and Barnes are citizens of Missouri.

*Discussion*

28 U.S.C. § 1441(b) allows a defendant to remove a civil action from state court to federal court based on diversity jurisdiction only if none of the properly joined defendants are citizens of the state in which the original action was filed. Applied here, I lack jurisdiction over this case if one of the defendants is citizen of Missouri. 28 U.S.C. § 1441(b); Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir.1992). The defendant, as the party invoking jurisdiction, bears the burden of proving

that all prerequisites to jurisdiction are satisfied. See In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir.1993). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir.1997).

Removal will not be defeated, however, by collusive or fraudulent joinder of a resident defendant. See Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir.1983). When a party seeking removal alleges fraudulent joinder, the removing party bears the substantial burden of proving the alleged fraud. See Parnas v. General Motors Corp., 879 F.Supp. 91, 92 (E.D.Mo.1995). To establish that a resident defendant has been fraudulently joined, the removing party must show that: (i) there is no possibility the plaintiff would be able to establish a cause of action against the resident defendant in state court; or (ii) there has been outright fraud in the plaintiff's pleadings of jurisdictional facts. Monroe v. Consolidated Freightways, Inc., 654 F.Supp. 661, 662-63 (E.D.Mo.1987). Any contested fact issues must be resolved in favor of the plaintiff. See id. at 663 (citation omitted).

Pinnacle opposes the motion to remand on the basis that Brown fraudulently joined Barnes. Pinnacle argues Brown's amended complaint is merely an effort to destroy diversity and Brown has not properly stated a cause of action against Barnes.

Pinnacle argues that because the original Complaint and the Amended Complaint are "nearly identical" Brown only named Barnes to destroy diversity jurisdiction. The authority cited by Pinnacle discusses the level of scrutiny I should apply when considering a motion to amend a complaint and add additional parties after removal where the amendment would destroy diversity jurisdiction.[2] However, the question before me is whether there is no possibility the Brown would be

---

[2]The Eighth Circuit has articulated a standard for a district court to apply when considering a motion to amend that will add non-diverse parties after removal. This test considers, as one of several factors, "the extent to which the joinder of the non-diverse party is sought to defeat federal jurisdiction." Bailey v. Bayer Cropscience

able to establish a cause of action against Barnes in state court. Therefore, Brown's intent in adding Barnes is not a basis to deny remand.

Pinnacle also argues that Brown's motion to remand should be denied because Brown has failed to state a cause of action against Barnes for hostile work environment or retaliation. Brown's Amended Complaint shows that she is pursuing a single count of retaliation and does not expressly indicate she is pursuing a claim of racial harassment in the form of a hostile work environment. Regardless, even if Brown is pursuing a hostile work environment cause of action, Pinnacle's argument fails. Pinnacle argues Brown must allege that Barnes' harassment caused "a tangible employment action." (quoting Hill v. Ford Motor Co., 277 S.W.3d 659 (8th Cir. 2009). However, a plaintiff is not barred from bringing a claim if harassment does not result in a tangible employment action. See Hill, 277.S.W.3d 659, at 667. The Hill court indicated that "[a] plaintiff *may* meet the requirement of proving that harassment affected a term or condition of her employment by showing that the harassment contributed to cause a 'tangible employment action.'" Id. at 666 (internal citation omitted) (emphasis added). The court did not say that proving a tangible employment action was *required*. Furthermore, "the MHRA is intended to reach...any person acting directly in the interest of an employer. A supervisory employee clearly falls into this category." Hill v. Ford Motor Co., 227 S.W.3d 659, 669 (Mo. 2009). As a result, because it is possible that Brown may be able to establish a cause of action against Barnes for hostile work environment, Pinnacle has failed to establish fraudulent joinder on this basis.

Pinnacle finally argues that Brown failed to establish the prima facie case for retaliatory discrimination. "The prima facie case for retaliation requires the employee to show that (1) she

---

L.P., 562 F.3d 302 (8th Cir. 2009). However, a motion to amend is not and has not been before me, thus this test is not applicable under the facts presented in the current case.

complained of discrimination; (2) the employer took adverse action against her; and (3) the adverse action was causally linked to the discrimination complaint." Medley v. Valentine Radford Communications, Inc., 173 S.W.3d 315, 325 (Mo. Ct. App. W.D. 2005). Pinnacle argues Brown failed to allege behavior by Barnes that constitutes an adverse action. However, Brown alleges that after she complained about Barnes' "racially divisive emails" Barnes encouraged people to "keep [Brown] busy" and created rules that were only applicable to Brown. It is possible this conduct could constitute an adverse action causally linked to Brown's complaint. As a result, Pinnacle has failed to establish that Brown will not be able to establish a cause of action against Barnes for retaliation.

Construing removal statues strictly, as I must, I find that 28 U.S.C. § 1441(b) bars the removal of this lawsuit.
Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's motion to remand [#7] is **GRANTED**, and this action is remanded to the Circuit Court for the City of St. Louis under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED that** all other pending motions are **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of December, 2010.